**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARK MYERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-00599-ACL |
| | ) | |
| ST. CHARLES COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Mark Myers brings this action under 42 U.S.C. § 1983 against St. Charles County for alleged violations of his civil rights. The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. [Doc. 3]. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee.[1] *See* 28 U.S.C. § 1915(b)(4). As Plaintiff is now proceeding *in forma pauperis*, the Court will review his complaint under 28 U.S.C. § 1915. Based on such review, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a

[1] Plaintiff's motion indicates that he has no income and no money in his Jail account. [Doc. 3 at 1-2]. Furthermore, although Plaintiff did not submit a Jail account statement in this case, he did submit one in another pending case with this Court and that statement indicates that he is over $300 in debt. *See Myers v. St. Charles Cnty*, No. 4:26-cv-00802-SRW, Doc. 4 (E.D. Mo.) (filed Aug. 5, 2026). Accordingly, the Court will waive the filing fee at this time.

complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**The Complaint**

Plaintiff is currently being held on state court charges at the St. Charles County Jail. [Doc. 1 at 2-3]. He brings this action under 42 U.S.C. § 1983 against St. Charles County, alleging that he has not been provided adequate medical care for a "decayed tooth." [*Id.* at 3].

According to Plaintiff, he reported his tooth injury to the Jail medical staff, and he was subsequently seen by a doctor. The doctor informed him that the tooth could not be pulled but instead, it needed to be "cut out." Plaintiff states that the Jail doesn't "provide that service" and that he was informed by Jail "medical staff" that his only option is to go to a dentist to have the tooth cut out. However, Plaintiff asserts that the Jail "refus[es]" to take him to a "real dentist." Plaintiff does not state how long he has been suffering from a decayed tooth or how long he has been waiting to see a dentist. He is on antibiotics but no pain medicine. [*Id.*] As to injuries, Plaintiff states that he is suffering both physical and mental pain. [*Id.* at 4].

For relief, Plaintiff seeks an order directing the Jail to take him to a dentist and he requests five (5) million dollars in damages. [*Id.* at 5].

**Discussion**

Based on a careful review and liberal construction of the filings before the Court, the Court will dismiss this action for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff fails to allege sufficient facts to state a municipal liability claim against defendant St. Charles County.

A local governing body—like St. Charles County—can be sued directly under 42 U.S.C. § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). To prevail on this type of claim, a plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018); *see also Marsh v. Phelps Cnty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those

based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which a plaintiff can prove municipal liability.

First, "policy" refers to an "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). *See also Russell v. Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005) ("A policy is a deliberate choice to follow a course of action … made from among various alternatives by the official or officials responsible … for establishing final policy with respect to the subject matter in question") (internal quotations omitted).

Second, in order to establish a claim of liability based on "custom," a plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Third, to demonstrate deliberate indifference for purposes of failure to train, a plaintiff must show a "pattern of similar constitutional violations by untrained employees." *S.M. v Lincoln Cnty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Plaintiff's claims here must be dismissed because he has not alleged that St. Charles County has an unconstitutional policy or custom, or that it was deliberately indifferent in failing to train its employees. Plaintiff does not plead any facts from which one could draw an inference

that Plaintiff's constitutional right to dental care was violated due to an unconstitutional St. Charles County policy or custom. In fact, there is no mention whatsoever of any policy or custom anywhere in the allegations. In addition, there are no allegations regarding a pattern of similar constitutional violations by St. Charles Jail employees. In order to allege a custom, Plaintiff must demonstrate a "continuing, widespread, persistent pattern" and in order to allege a failure to train, he must assert a "pattern of similar constitutional violations." *Johnson*, 725 F.3d at 828; *S.M.*, 874 F.3d at 585. The Complaint fails to allege any evidence of a pattern of violations. Finally, Plaintiff provides no allegations or facts indicating a deliberately indifferent failure to train or supervise. Thus, Plaintiff's Complaint fails to state a claim against St. Charles County. *See Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights). As St. Charles County is the only named defendant, this case will be dismissed under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 3] is **GRANTED**. Pursuant to 28 U.S.C. § 1915(b)(4), the initial partial filing fee is waived.

**IT IS FURTHER ORDERED** that Plaintiff's claims in this action are **DISMISSED** without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this __7th_ day of October, 2026.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE